# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IAN LYNGKLIP,<br><br>    Plaintiff,<br><br>v.<br><br>iCAPITAL.CASH, *et al*,<br><br>    Defendants. | Case No. 17-12366<br>Hon. Terrence G. Berg |

## ORDER GRANTING DEFENDANT'S MOTION FOR STAY (Dkt. 11)

Currently before the Court is Defendant John C. Heath Attorney at Law, PLLC dba Lexington Law Firm's ("Lexington Law") Motion to Stay Proceedings ("Motion") pending the United States Court of Appeals for the D.C. Circuit's decision in *ACA Int'l v. FCC*, Appeal No. 15-1211 (D.C. Circuit) (filed on Oct. 13, 2015) [20]. The Court, having reviewed all materials and arguments submitted pertaining to this Motion, **NOW FINDS AND RULES AS FOLLOWS**: Defendant's Motion to Stay Proceedings is **GRANTED**.

## I. BACKGROUND

On July 21, 2017, Plaintiff filed the instant action, asserting two claims against Defendants: (1) violation of the Telephone Consumer Protection Act of 1991 ("TCPA"), particularly 47 U.S.C. § 227(a)(1); and

(2) violation of the Michigan Home Solicitation Calls Act ("MHSCA"). The crux of each of Plaintiff's claims is the allegation that Defendants used, controlled, and/or operated automatic telephone dialing systems "ATDS" to call Plaintiff without his consent and solicit to him services that Plaintiff did not seek out. *See* Compl. ¶¶ 60-63, 69-71.

Defendant Lexington Law contends that the decision of the United States Court of Appeals for the District of Columbia Circuit in *ACA Int'l* is likely to be reached in the near future, and may impact the course of this litigation. This point is well-taken.

## II. DISCUSSION

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A court may "find it . . . efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The rule applies to judicial proceedings and does not require the issues of such proceedings be necessarily controlling of the action

The D.C. Circuit's decision in *ACA Int'l* is significant because it will address the meaning of the term "autodialer" under the TCPA. How this definition is understood may well be dispositive of the case

before the Court and, at a minimum, the D.C. Circuit's interpretation of the TCPA will provide persuasive authority material to this Court's decision. Under such circumstances, a stay is appropriate. *See Jones v. Credit Acceptance Corp.*, 2016 WL 7320919 (E.D. Mich. Oct. 31, 2016) (granting stay pending *ACA Int'l* decision); *see also Ricketts v. Consumers Energy Co.,* 2017 WL 2351731, at *1 (E.D. Mich. May 31, 2017) (same). A stay pending the D.C. Circuit's decision will serve to conserve the resources of the parties and the court while avoiding the wasted effort that may be involved in proceeding under an uncertain legal framework. Plaintiff has not articulated any concrete prejudice she might suffer if these proceedings were stayed at this stage.[1] Moreover, given that the D.C. Circuit heard oral argument in October 2016, the Court anticipates that a stay would be relatively brief, ameliorating any prejudice to Plaintiff. *See Jones*, 2016 WL 7320919 at *3 ("In light of the uncertainty surrounding the proper interpretation of

---

[1] The primary argument of prejudice that Plaintiff advances relates to the potential spoliation of evidence. In particular, Plaintiff argues that she "may" have difficulty obtaining records from third party cell phone carriers. However, it is unlikely that a short stay would prevent Plaintiff from obtaining any additional records from her own cell phone carrier, regarding calls to her own phone number. Likewise, Plaintiff's argument that she may be unable to obtain Defendants' call records and or the records of any third party vendor (which Plaintiff fails to identify) should a stay be granted is also not well-taken. Defendants are under a continuing obligation to preserve all records concerning their calls to Plaintiff during the pendency of this stay. Any destruction of relevant records by Defendants would be subject to sanctions and would also arguably allow an adverse inference that the records contained evidence helpful to the Plaintiff.

the TCPA and the lack of demonstrated prejudice to Jones, the interest of judicial economy warrants a stay.").

## III. CONCLUSION

For these reasons, **IT IS HEREBY ORDERED** that Defendant's motion to stay proceedings is **GRANTED**. The parties shall inform the Court immediately of the D.C. Circuit's ruling in *ACA Int'l v. FCC*.

**SO ORDERED**.

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2017

### Certificate of Service

I hereby certify that this Order was electronically submitted on December 21, 2017, using the CM/ECF system, which will send notification to each party.

s/H. Monda
Case Manager
in the absence of A. Chubb